UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

EDGAR H. BATTLE d/b/a )
EDGAR H. BATTLE FUNERAL HOME, )
et al., )
 )
    Plaintiffs, )
 )
vs. ) Case No. CV70-8-752-S
 )
LIBERTY NATIONAL LIFE )
INSURANCE COMPANY, )
et al., )
 )
    Defendants. )

FILED
97 NOV 26 PM 2: 14
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
NOV 2 6 1997

## MEMORANDUM OPINION

This action is before the court on petition by the funeral director class for review of the final judgment entered on January 6, 1978.[1] Also pending in this court are motions to consolidate the following cases with the above-styled action:

1. *Elkins, Dutton and Shelton v. SCI Alabama Funeral Home d/b/a McConnell Funeral Home, Timothy D. Bailey*, CV96-S-2529-NE

2. *Middlebrooks, on behalf of themselves, etc. v. SCI Funeral Service, Inc., d/b/a Radney Funeral Homes, Inc., Ward Hurt*, CV97-S-1321-S

3. *Williams v. Service Corporation, SCI Funeral Service, Inc.*, CV97-S-1910-S

---

[1] The funeral director class filed its first petition for review on November 16, 1993, while this case was assigned to Judge Sharon Lovelace Blackburn. Judge Blackburn determined that petition to be moot on November 8, 1995, based on a representation that an amended petition limiting the requested relief would be filed. The funeral director class filed a second amended petition for review on April 8, 1996, some 43 days after Liberty National Insurance Company filed a similar petition. Even though Liberty National's petition is the most current motion before this court, the funeral director class will be given the burden of first producing evidence in these proceedings, because its initial petition raised the pertinent issues. SCI Alabama Funeral Services, Inc. filed a petition for relief in the *Battle* case on October 21, 1996 and, like all parties in the pending litigation, will be given an opportunity to express its views on the adequacy and relevancy of the funeral director's requested relief.

4.   *Thrash v. SCI Funeral Service, Inc., Service Corporation International*, CV97-B-1911-S

Each of those cases was removed from state court, and plaintiffs in those actions move to remand, asserting lack of jurisdiction. This court finds that jurisdiction in this court is proper based upon paragraph XXXIII of the final judgment entered in the *Battle* case on January 6, 1978. *See, e.g., Battle v. Liberty National Life Insurance Company*, 660 F. Supp. 1449 (N.D. Ala. 1987), *aff'd*, 87 F.2d 877 (11th Cir. 1989); *Thrash v. SCI Funeral Services, Inc.*, No. 97-0207-AH-M, (S.D. Ala. July 23, 1997). The motions to remand therefore are due to be denied. The court further finds that the removed actions share common questions of law and fact with the *Battle* litigation, and the motions to consolidate are due to be granted. *Fed.R.Civ.P.* 42(a).

The funeral director class and Liberty National Life Insurance Company agree that this court should revisit the January 6, 1978 final judgment and provide clarification on certain key terms and conditions of that judgment. As noted by counsel for SCI Alabama Funeral Services, Inc. during oral argument, clarification of that final judgment may be "outcome determinative" of the consolidated cases. Accordingly, discovery in the consolidated actions will be stayed pending resolution of the petitions for relief from the final judgment. Before proceeding further, however, this court must be fully apprised by the parties of those terms and conditions of the final judgment requiring clarification and relief.

2

Upon consideration of oral argument of counsel presented during a status conference held November 24, 1997, this court finds that a number of issues are dispute: e.g.,

1. What constitutes a "straight policy funeral" under the final judgment entered January 6, 1978?
2. According to the final judgment, when does an "oversale" occur? More specifically: What constitutes "funeral merchandise and services under the policy" and what constitutes "additional services or merchandise"?
3. What constitutes "overhead" for the funeral director class, and how did the final judgment contemplate that overhead costs would be reimbursed?
4. How did the final judgment contemplate that inflationary cost increases would be distributed among the parties?
5. How did the final judgment contemplate that disclosures on the effects of oversales would be made to holders or beneficiaries of Liberty National funeral policies? How much information are funeral directors required to give holders or beneficiaries?
6. Did the final judgment contemplate that Liberty National burial policies would apply to cremations?

The parties are directed to address those issues, and any other matters deemed relevant to an interpretation of the final judgment, in briefs submitted in accordance with the following schedule. The funeral director class shall submit their brief within 30 days of the order accompanying this opinion. All other

3

parties may submit responsive briefs within 21 days of the funeral directors' brief. Any party who or which desires to reply to any responsive brief may file a reply brief within 14 days thereafter.

This nation's forests have suffered greatly to supply the volume of paper required for this litigation. The parties are therefore directed to limit their evidentiary submissions whenever possible by referring to documents already in the record.

**DONE** this the 26th day of November, 1997.

United States District Judge

4