FILED
98 NOV 20 PH 3:00
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

EDGAR H. BATTLE, d/b/a
EDGAR H. BATTLE FUNERAL
HOME, et al.,

    PLAINTIFFS,

vs.                                                          CASE NO. CV 70-J-752-S

LIBERTY NATIONAL LIFE
INSURANCE COMPANY, et al.,

    DEFENDANTS.



ENTERED
NOV 20 1998

## MEMORANDUM OPINION

This case is before this court pursuant to numerous motions pending in the original litigation as well as several cases which were consolidated with this litigation pursuant to the order of Honorable Lynwood Smith. The plaintiff's counsel in *Thrash, et al., v. SCI Funeral Service Inc., et al.*, CV 97-J-1911-S (consolidated with this case after being transferred to this court from the Southern District of Alabama), filed a motion to appoint class counsel on December 8, 1997 (doc. 37). The defendant SCI Alabama Funeral Services filed an opposition to this motion on December 15, 1997 (doc.40). The plaintiffs' counsel filed a response to the opposition on December 29, 1997 (doc. 42). The funeral director class then filed a motion in opposition to the plaintiff's motion for appointment of class counsel on January 5, 1998 (doc. 43). The collective SCI defendants then filed a memorandum of law

in opposition to the motion for appointment of class counsel on January 13, 1998 (doc. 48).[1] The court then received an answer and response of Francis Elkins, Johnny Dutton and Helen Shelton, plaintiffs, to the motion to appoint policy holder class counsel and funeral directors' petition for relief, dated January 14, 1998 (doc. 49).

The plaintiff's counsel continued this stream of pleadings by filing a motion for leave to reply to SCI's memorandum of law in opposition to appointment of applicants as class counsel for the Battle policyholder class on January 22, 1998 (doc. 55). As this group of plaintiffs' counsel filed the reply to SCI's memorandum of law in opposition to appointment of applicants as class counsel for the Battle policyholders class with their motion for leave, and this court has reviewed said reply, this court does find appropriate the granting of this motion for leave and hereby **ORDERS** that said motion for leave is **GRANTED**.[2]

Defendant Liberty National Insurance Company filed a reply memorandum pursuant to the court order of November 26, 1997, and reply to "Answer and Response of Frances Elkins, Johnny Dutton and Helen Shelton, plaintiffs to the motion to appoint policyholder class counsel and funeral directors' petition for relief" on January 28, 1998 (doc. 58). SCI then filed an opposition to Jimmy Alexander and Jimmy Corder's motion for appointment

---

[1] The collective SCI defendants are SCI Alabama Funeral Services, Inc., Service Corporation International, Timothy D. Bailey and Ward Hurt. *See* Memorandum of Law in Opposition to Motion for Appointment of Class Counsel (doc. 48).

[2] As this court already has a copy of this reply, no need exists for the plaintiffs to now refile the same and the plaintiffs' are **ORDERED** not to do so.

2

as class counsel on February 17, 1998 (doc. 59). Plaintiffs' counsel then filed a supplement to reply to SCI's memorandum of law in opposition to appointment of applicants as class counsel for the Battle policyholder class on February 17, 1998 (doc. 60). The plaintiffs then filed a motion to substitute counsel for policy holder class on November 6, 1998 (doc. 69). The funeral director class then filed a class motion in opposition to motion for appointment of class counsel and motion in opposition to motion to substitute counsel for policyholder class on November 10, 1998 (doc. 70), and finally, on November 16, 1998, the SCI defendants' filed a joinder in opposition to motion for appointment of class counsel and opposition to motion to substitute counsel for a policyholder class (doc. 71).

This Court has reviewed all of these pleadings as well as the final judgment in *Battle*, CV-70-H-752-S; *Battle v. Liberty National Life Insurance Company*, 770 F.Supp. 1499 (N.D.Ala. 1991); *Battle v. Liberty National Life Insurance Company*, 660 F.Supp 1449 (N.D.Ala.1987); *Battle v. Liberty National Life Insurance Company*, 877 F.2d 877 (11thCir. 1989); the various plaintiff policyholder complaints in this current action as well as numerous other documents contained in both this court file and the court files from other cases since consolidated with the original *Battle* litigation.

This court notes that the original *Battle* litigant classes are specific, discrete classes and not all encompassing. The litigation only applied to all owners of Alabama funeral homes from June 29, 1954 until September 22, 1977 and all insureds with burial or vault

3

policies from 1944 until 1972.[3]

This court finds that the litigation, which originated in 1970, was extensive and protracted. The case attempted an ending with a Final Judgment entered on January 6, 1978. Liberty National Life Insurance Company, the funeral directors class and plaintiff policyholders were all parties to that original litigation and this court has no intentions of reopening a judgment more than twenty years old. This court finds that the petition of Liberty National and Brown Funeral Home (Doc. 8) is essentially a request for clarification of the final judgment in *Battle v. Liberty National*, and does not require relitigation of the terms of that final judgment.[4] This court gleans from the voluminous pleadings filed by the parties that the funeral home directors are essentially now losing money on burial policy funerals due to the final judgment and the policies not having any allowance for inflation.[5]

---

[3]Liberty National began issuing burial insurance policies to residents of Alabama in 1944. After 1972, the company sold only policies that paid cash benefits upon the holder's death, known as "funeral expense" policies. Such policies are not the subject of this litigation. *See Battle v. Liberty National Life Insurance*, 770 F.Supp. 1499, 1502 , fn 15 (N.D.Ala.1991).

[4]See Memorandum Opinion of the Hon. Lynwood Smith, dated November 26, 1997, which states that after hearing, the court found that the funeral director class and Liberty National Life Insurance agree that the court should revisit the final judgment to provide clarification of the final terms. Judge Smith notes that such clarification may resolve the pending litigation which is comprised of the four cases consolidated with the *Battle* litigation.

[5]See e.g., funeral director class second amended petition for review and for alternate relief, dated April 8, 1996 ("At the time said [1978] judgment was entered, the average overhead cost per funeral in the State of Alabama was less than $650.00 .... At present, the average overhead cost per funeral in the State of Alabama is now in excess of $2,000.00").

4

Based on a consideration of all of the above, this court finds that the plaintiffs whose cases are now consolidated with the *Battle* litigation are currently adequately represented by their individual counsels. This court has carefully reviewed the fourteen pending pleadings which have been filed regarding this court appointing class counsel as well as the original complaints in each of the consolidated cases and the orders certifying class actions, where applicable. This court notes that *Elkins, et al., v. SCI Alabama Funeral Service, Inc.*, consolidated with this case, involves the burial of one person where the sole question is whether or not the plaintiffs were overcharged by defendant SCI to bury their mother. Clearly, the defendant either did or did not comply with the Liberty National burial insurance policy as interpreted by the final judgment in *Battle*. This does not require relitigation by the entire plaintiff policyholder class of rights under the policy as those rights have already been determined.

Similarly, *Middlebrooks v. SCI Alabama Funeral Service, Inc.* (also consolidated with this case), even though presented as a class action, involves the question of whether plaintiffs received what they paid for under the burial policies they held. What they paid for under the burial policy has already been litigated extensively and for many years. The real question at issue in that suit is whether defendant SCI is providing funerals as the *Battle* final judgment requires. Likewise, the Williams and Thrash plaintiff's, also both suing SCI, are suing for breach of contract claims in class action form for the defendant SCI allegedly requiring additional funds to provide the funeral the plaintiffs believe they paid for with their

5

Liberty National policies. Again, whether or not the defendant SCI is honoring these policies does not require involvement of the entire plaintiff class in *Battle*.

Especially telling of lack of need to appoint anyone as class counsel is the fact that all pending suits are against SCI and not Liberty National, thus leading the court to believe that many non-SCI owned funeral homes are properly honoring the burial policies in accordance with the *Battle* final judgment and their policies should not be affected in any manner by the current group of plaintiffs suing solely SCI.

The motion which began this onslaught of filings by the parties is premised on the counsel which represented the plaintiff policy holder class during the original litigation twenty to thirty years ago requesting to be relieved of his duties as class counsel being that he is now eighty years old and retiring.[6] The court notes that Mr. Clark is not currently listed as counsel in this litigation and therefore there is no need for him to be relieved of his duties as class counsel. Another affidavit filed with the motion to appoint class counsel is that of Edward Still, who states in his affidavit that he did not represent the plaintiff policyholder class during any of the proceedings.

The court finds that in no way do these affidavits establish that the policyholder class, as that class exists for purposes of the original *Battle* litigation, is in need of representation. This court further finds that the current pending class action policy holder claims come to

---

[6] Affidavit of James E. "Red" Clark, filed as an exhibit to motion to appoint class counsel (doc.37).

6

this court from state court where rulings on class action certifications were already entered and therefore each class of plaintiffs before this court has counsel already found by a court to be competent of representing his or her class.

After careful consideration of the pending litigation before this court, this court finds that no "class" of policyholders is in need of representation by "class" counsel. Each of the cases of policyholders which has been consolidated with the lead case has counsel. Beyond that, this court at this time does not anticipate affecting the rights of the policyholders not in front of this court at this time.

If this court finds that the claims of the plaintiffs currently before this court are resolved by the final judgment entered in this case on January 6, 1978, an order shall be entered accordingly. If this court finds that the final judgment does not address the current claims of the plaintiff policy holders now pending before this court, then the consolidation orders shall be reconsidered. If the court finds that the need to relitigate a twenty year old judgment arises, this court will examine the need for class counsel at that time.

As the Alabama Supreme Court aptly quoted recently, "The consent decree has been in effect for over ten years, during which time authorized funeral directors apparently have been able fairly to reveal and satisfactorily to explain to their customers the services and merchandise available under the policy funeral and the effect the choices available to them will have with regard to the loss of a policy funeral." *Ex parte LaCoste*, 1998 WL 787342 (Ala. Nov. 13, 1998).

7

In consideration of the above, it is therefore **ORDERED** by the Court that all said motions for appointment of class counsel be and hereby are **DENIED**.

**DONE** and **ORDERED** this the ___20___ day of November, 1998.

*/s/ Inge P. Johnson*

Inge P. Johnson
United States District Judge